# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1953V
UNPUBLISHED

| | |
|---|---|
| CATHY HUMERICKHOUSE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: July 8, 2022<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Neal Jordan Fialkow, Neal Fialkow, Esq., Pasadena, CA*, for Petitioner.

*Zoe Wade, U.S. Department of Justice, Washington, DC,* for Respondent.

### RULING ON ENTITLEMENT[1]

On December 22, 2020, Cathy Humerickhouse filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On January 5, 2018, Petitioner received an influenza ("flu") vaccine, which vaccine is listed on the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a). Petitioner alleges that as a result of the flu vaccine, she suffered a shoulder injury related to vaccine administration ("SIRVA") as listed on the Table, plus brachial neuritis, Parsonage-Turner syndrome ("PTS"), and/or other symptoms and conditions (none of which are actionable as Table claims). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 21, 2022, Respondent filed his Rule 4(c) report, in which he **concedes** that Petitioner is entitled to compensation in this case. Respondent's Report at 1. Specifically, Respondent agrees that Petitioner's alleged injury is consistent with SIRVA as defined in the Vaccine Injury Table (the "Table") and the Qualifications and Aids to Interpretation ("QAI"). *Id.* at 9 (citing 42 C.F.R. §§ 100.3(a)(XIV)(B): (10)(i-iv)). Respondent further agrees that Petitioner suffered the residual effects of her condition for more than six months. *Id.* Therefore, Petitioner has satisfied all legal prerequisites for compensation under the Act for the specific SIRVA Table claim. *Id.* (citing Section 13(a)(1)(B): Section 11(c)(1)(D)(i).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

I make, however, one additional proviso. Respondent does not concede that Petitioner has preponderantly established any *other* injury, such as brachial neuritis. Respondent's Report at 10. In reaction, Petitioner does not concede she has no other claims, and argues that any SIRVA damages award should not contain "any offset or reduction for non-SIRVA components." ECF No. 36. Petitioner has thus asked that no ruling on the SIRVA claim be made at this time.

Although it is conceivable that Petitioner could herein *both* establish the same vaccination precipitated a SIRVA injury plus brachial neuritis, damages would only be separately apportioned if the Petitioner could show that she incurred costs or harm specific to one injury only, and not common to the other. And it does not appear from my preliminary review of the record that this will be the case – either all of Petitioner's costs are specific to treatment of the SIRVA injury, or Petitioner is not likely to be successful in establishing a separate brachial neuritis injury based on a causation-in-fact theory.[3] Thus, it is in the interests of justice and the expeditious adjudication of this case that a Ruling on Entitlement be issued at this time, despite Petitioner's position.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Not only is there no Table claim for brachial neuritis after the flu vaccine, but SIRVA and brachial neuritis are comparable, non-demyelinating inflammatory conditions that can often be confused for each other.