# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-1953V
(not to be published)

| | |
|---|---|
| CATHY HUMERICKHOUSE,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: May 22, 2023<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Neal Jordan Fialkow, Neal Fialkow, Esq., Pasadena, CA,* for Petitioner.

*Zoe Wade, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 22, 2020, Cathy Humerickhouse filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following administration of an influenza vaccine on January 5, 2018. Petition, ECF No. 1. On December 16, 2022, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 45.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $64,193.74 (representing $63,656.25 for fees and $537.49 for costs). Petitioner's Application for Attorney's Fees ("Motion") filed February 2, 2023, ECF No. 48. In

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 8.

Respondent reacted to the motion on February 9, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 49. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for her attorney Neal J. Fialkow based on the rate of $525 per hour for all work performed from 2018-23. Motion at 4. This rate requires adjustment.

Mr. Fialkow has been a practicing attorney since 1977, placing him in the range of attorneys with 31+ years of experience. Mr. Fialkow also has over 20 years' experience in the Vaccine Program, and has represented approximately two dozen petitioners over the past twenty years. Attachment to Motion at 6.

However, Mr. Fialkow has previously been awarded lesser rates for the relevant timeframe: $425.00 per hour for time billed in 2018; $435 per hour for time billed in 2019; and $455 per hour for time billed in 2020. *See Ingrassia* v. *Sec'y of Health & Hum. Servs*., No. 13-10V, 2018 WL 6288179, at *2 (Fed. Cl. Spec. Mstr. Oct. 18, 2018); *Jackson* v. *Sec'y of Health & Hum. Servs*., No. 15-492V, 2020 2020 WL 8509839 *2 (Fed. Cl. Spec. Mstr. Dec. 7, 2020). Additionally, retroactive rate increases are not permitted in the Vaccine Program. *See*, e.g. *Ramirez* v. *Sec'y of Health & Hum. Servs*., No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rate previously awarded to him.").

I find no reason to deviate from Mr. Fialkow's previously awarded rates. Accordingly, I reduce Mr. Fialkow's hourly rates to be awarded herein to what he has been permitted for work performed in the 2018-20 timeframe, as mentioned above. This results in a reduction of attorney's fees to be awarded of **$3,675.20**.[3]

For work performed in the 2021-23 period, however, I find that it is reasonable to compensate Mr. Fialkow at several different rates. For 2021, $505 per hour (a $50 dollar increase) is reasonable. Additionally, I find that Mr. Fialkow's requested rate of $525 for time billed in the 2022-23 period is within the Vaccine Program's published range for attorneys with his level of experience.[4] Thus, based upon Mr. Fialkow's credentials and

---

[3] This amount consists of ($525 - $425 = $100 x 3.58 hrs. = $358.00) + ($525 - $435 = $90 x 1.50 hrs. = $135.00) + ($525 - $455 = $70 x 42.08 hrs. = $2,945.60) + ($525 - $505 = $20 x 11.83 hrs. = $236.60) = $3,675.20.

[4] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914

overall demonstrated Vaccine program experience, I will award his requested rate of $525 for all time billed in the 2022-23 period.

Finally, Petitioner requests $537.49 in overall costs (Motion at 15), and has provided supporting documentation for all claimed costs. Motion at 15-22. Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I award a total of **$60,518.54 (representing $59,981.05 in fees and $537.49 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Neal J. Fialkow.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.